IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MICHAEL SHIRLEY, )<br>)<br>Plaintiff, )<br>) Civil Action No. 2:15cv346-WHA<br>v. )          (wo)<br>)<br>HYUNDAI MOTOR MANUFACTURING )<br>ALABAMA, LLC, )<br>)<br>Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

This cause is before the court on a Motion for Certification of Interlocutory Appeal (Doc. #26) filed by the Defendant.

The Defendant asks the court to certify its May 24, 2016 Memorandum Opinion and Order (Doc. #25) for interlocutory appeal. The Defendant identifies the application of a Cat's Paw theory to an employee other than a supervisor as a controlling question of law on which there is a substantial ground for difference of opinion and the resolution of which would materially advance the termination of the litigation. *See* 28 U.S.C. §1292(b).

The Plaintiff responds that there is ample support factually and legally for the application of the Cat's Paw theory in this case, citing authorities such as *Stimpson v. City of Tuscaloosa*, 186 F.3d 1328, 1331 (11th Cir. 1999). The Plaintiff, however, does not oppose the motion in the interest of the preservation of resources for the parties. (Doc. #28 at p.8).

While this court continues to conclude that the Cat's Paw theory is properly applied to the non-supervisor employee who was charged with investigating the complaint in this case and upon whose report the decision to terminate was made, the court also agrees that the issue of

application to a non-supervisor is one which has not been decided by Eleventh Circuit, and a ruling on that issue may materially advance the litigation. If the Cat's Paw theory does not apply in this case because there is a *per se* rule against applying it to a non-supervisory employee, the Defendant is entitled to summary judgment. Therefore, the court will certify its order for interlocutory appeal.

Accordingly, it is hereby ORDERED as follows:

1. The Motion for Certification of Interlocutory Appeal is GRANTED.

2. The Memorandum Opinion and Order entered on May 24, 2016 is hereby AMENDED to include a certification pursuant to 28 U.S.C. §1292(b) that the order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.

3. The pretrial hearing of this case scheduled for June 29, 2016 is CANCELLED. The trial of this case is continued and will be reset if necessary.

4. The case is STAYED pending the Eleventh Circuit's determination on the interlocutory appeal.

Done this 15th day of June, 2016.

    /s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE